STATE of Wisconsin, Respondent,

v.

Gary A. SCHULZ, Appellant.†

Court of Appeals

*No. 80–1110–CR.  Submitted on briefs October 14, 1980.—
Decided January 13, 1981.*
(Also reported in 302 N.W.2d 59.)

For the appellant the cause was submitted on the briefs of *John W. Kelley* and *Kelley & Weber, S.C.,* of Wausau.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

Before Donlin, P.J., Foley, J., and Dean, J.

† Petition to review denied.

FOLEY, J.   Gary Schulz was granted leave to appeal an order denying his motion to dismiss two homicide by intoxicated user of vehicle charges. Section 940.09, Stats. He claims that a trial on these charges would subject him to double jeopardy since as a result of the same conduct, he has already had a forfeiture imposed as a first offender for violating a county ordinance adopting sec. 346.63(1), Stats., operating a motor vehicle while intoxicated. We conclude that the finding of guilt on the county ordinance charge does not bar the state from trying Schulz on the present homicide by intoxicated user charges.

Because of the similarity between the double jeopardy provisions of the United States and Wisconsin Constitutions, we accept, where applicable, decisions of the United States Supreme Court as governing both Constitutions. *State v. Rabe,* 96 Wis.2d 48, 291 N.W.2d 809 (1980). The United States Supreme Court has held that there is no double jeopardy bar to a second prosecution if the first prosecution was not criminal and if it did not result in a criminal punishment. The double jeopardy clause merely prohibits two attempted criminal punishments. *One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232 (1972). This court has previously held that a person's first violation of sec. 346.-63(1) is not a criminal offense. *State v. Albright,* 98 Wis.2d 663, 298 N.W.2d 196 (Ct. App. 1980). In this case, therefore, there has not been a prior criminal trial. The question remaining is whether the penalties for a first violation of sec. 346.63(1) are criminal penalties.

As stated in *United States v. Ward,* 448 U.S. 242, 100 S. Ct. 2636 (1980), the question of whether a particular statutorily defined penalty is civil or criminal is a matter of statutory construction. Under the methodology employed in *Ward,* in construing the statute, the court first

considers the express legislative intent. If the legislative intent was to establish a civil penalty, the court then must consider whether the penalty is so punitive either in purpose or effect as to negate that intent.

Applying this methodology in a construction of the penalties for violating the county ordinance adopting sec. 346.63(1), we conclude that the legislature intended a civil penalty and that the penalty does not negate that intent. The former sec. 346.65, the penalty section for violating sec. 346.63(1), provided for a fine and possible imprisonment. By ch. 278 §55, 1971 WIS LAWS, the legislature removed the provision for a fine, eliminated the right to impose a prison term, and substituted the forfeiture provision. This change indicates a legislative intent to establish a civil penalty. Section 778.01, Stats.

This intent is not negated by the incidental penalties that result or may result from a violation of sec. 346.-63(1). In addition to the forfeiture, Schulz could also lose his license, sec. 343.30(1q)(b) and (c), Stats; be required to attend a driver safety school, sec. 345.60, Stats.; and be imprisoned if he failed to pay his forfeiture. These penalties are not so punitive in purpose or effect to negate the intent of the legislature. The potential forfeiture of $500 is not sufficient to trigger the protection of the double jeopardy clause. *See Ward.* Loss of license or the possibility of imprisonment as a means of enforcing the forfeiture is not so punitive as to cause us to conclude that jeopardy should attach. *See State ex rel. Prentice v. County Court,* 70 Wis.2d 230, 234 N.W.2d 283 (1975); *Albright.* The purpose and effect of requiring attendance at a driver safety school is clearly remedial and not punitive.

A different result is not required by *State v. Ramirez,* 83 Wis.2d 150, 265 N.W.2d 274 (1978); and *Brock v. State,* 146 Ga. App. 78, 245 S.E.2d 442 (1978), relied on by Schulz, is distinguishable. In *Ramirez,* the court

stated that there can be no prosecution for the same offense under both a state statute and a municipal ordinance. This statement was made with respect to penal-type ordinances, and therefore has no applicability to the non-penal sec. 346.63(1) violation. The conclusion reached in *Brock* resulted from the application of the more stringent double jeopardy standards required by the Georgia Criminal Code. *Brock* also involved two criminal prosecutions. In sum, these cases do not require the imposition of double jeopardy protection in the present case.

*By the Court.*——Order affirmed.