STATE of Maine

v.

Charles L. ANTON and Joseph
A. Sylvester.

Supreme Judicial Court of Maine.

Argued Jan. 11, 1983.

Decided July 14, 1983.

Wayne S. Moss, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Becker & Olmsted, P.A., Peter J. Becker (orally), Bridgton, Jeffrey Pickering, Naples, for defendants.

Before McKUSICK, C.J., and GODFREY, ROBERTS, CARTER,* VIOLETTE and WATHEN, JJ.

GODFREY, Justice.

Two cases have been consolidated for disposition on this appeal.[1] In each case, the defendant was charged in District Court with having committed the "traffic infraction" of exceeding the speed limit in violation of 29 M.R.S.A. § 1251 (Supp.1982).[2] Each defendant moved the District Court to transfer his case to Superior Court for trial by jury.[3] In each case, the District Court denied the motion, decided that the defendant had committed the traffic infraction, and imposed a fine.[4]

Each defendant then appealed to Superior Court contending he was guaranteed a right to trial by jury under either article I, section 6[5] or article I, section 20[6] of the Maine Constitution. In Sylvester's case, the Superior Court, Cumberland County, af-

---

* Carter, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

1. *State of Maine v. Charles Anton* was docketed in Superior Court, York County, as CV–81–462. *State of Maine v. Joseph Sylvester* was docketed in Superior Court, Cumberland County, as CV–81–1341.

2. 29 M.R.S.A. § 1(17–C) (1978) provides, in part, as follows:
   'Traffic infraction' shall mean any violation of any provision of this Title, or of any rules or regulations established thereunder, not expressly defined as a felony or misdemeanor, and otherwise not punishable by incarceration or by a fine of more than $500. A traffic infraction is not a crime, but is a civil violation and the penalty therefor shall not be deemed for any purpose a penal or criminal punishment. There shall be no right to trial by jury for a traffic infraction.
   29 M.R.S.A. § 1251 (Supp.1982) provides in relevant part: "It shall be unlawful to drive in excess of such speeds as may be fixed pursuant to this section . . . ."

3. M.D.C.Civ.R. 80F governs the procedure for traffic infraction proceedings. Rule 80F(g) pro-

hibits "removal" to the Superior Court of such a proceeding. *State v. Pickering,* 428 A.2d 1201, 1203 (Me.1981), sets forth the proper procedure to challenge that rule. The defendants here followed that procedure.

4. Anton was fined $70; Sylvester $50. No penalty is specifically provided for a violation of 29 M.R.S.A. § 1251. 29 M.R.S.A. § 2303(1) (1978) provides that a traffic infraction shall be punished by a fine of not less than $25 nor more than $250 when no other penalty is specifically provided.

5. Article 1, section 6 of the Maine Constitution provides in relevant part: "In all criminal prosecutions, the accused shall have a right . . . [t]o have a speedy, public and impartial trial, and, except in trials by martial law or impeachment, by a jury of the vicinity."

6. Article I, section 20 of the Maine Constitution provides in relevant part: "In all civil suits, and in all controversies concerning property, the parties shall have a right to trial by jury, except in cases where it has heretofore been otherwise practiced . . . ."

firmed the judgment of the District Court. From that decision Sylvester appeals. In Anton's case, the Superior Court, York County, reaching the opposite result, "reversed" the District Court judgment and ordered that the case remain "on the civil docket of the Superior Court for further proceedings." From that decision the state appeals. Both cases present the same issue on appeal: whether a defendant has a constitutional right to a trial by jury for an alleged traffic infraction in violation of 29 M.R.S.A. § 1251.[7] Holding that the defendants do not have that right, we affirm the judgment against Sylvester and reverse the judgment of the Superior Court in favor of Anton.

## I.

Before 1975, violations of section 1251 were punishable by a fine of not less than $10 or more than $100, or by imprisonment for not more than 90 days, or by both. Because a defendant was potentially subject to such penalties, this Court decided in *State v. Inman*, 301 A.2d 348, 353–54 (Me. 1973), that the offense could be properly labeled criminal. A year later, in *State v. Sklar*, 317 A.2d 160 (Me.1974), we held that article I, section 6 of the Maine Constitution guaranteed the right to a trial by jury to a defendant charged with a violation of section 1251 notwithstanding that such a violation was only a petty crime. In doing so, we stated that "the Constitution of the State of Maine in article I, section 6 guarantees the right of jury trial in '*all* criminal prosecutions' in the most literal and comprehensive sense of the word, 'all.'" *Sklar,* 317 A.2d at 165.

In 1975, the Maine legislature enacted a classification of violations entitled "traffic infractions." 29 M.R.S.A. § 1(17–C) (1978). Section 1(17–C) expressly declares that traffic infractions are civil violations and that there is no right to a trial by jury.[8] The Maine District Court has original and exclusive jurisdiction over all "prosecutions" for traffic infractions. 29 M.R.S.A. § 2302 (Supp.1982). The Supreme Judicial Court adopted special procedures in the District Court Civil Rules designed to simplify traffic infraction proceedings. M.D.C. Civ.R. 80F; *State v. Meyer*, 423 A.2d 955, 956 n. 1 (Me.1980). Since the 1975 revision of the motor vehicle law, a traffic infraction in violation of section 1251 has been reclassified as civil rather than criminal.

The first issue raised by defendants is whether a traffic infraction in violation of section 1251 has been so effectively decriminalized that the right to trial by jury guaranteed in all criminal prosecutions by article I, section 6 does not apply. We hold that it has been effectively decriminalized.

Whether an offense defined by statute is civil or criminal is primarily a matter of statutory construction. *See United States v. Ward*, 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980). The Maine legislation has clearly expressed the purpose of making a minor traffic offense in violation of section 1251 a civil infraction, and that expression of purpose is entitled to substantial weight. *See Ward,* 448 U.S. at 249, 100 S.Ct. at 2641; *Flemming v. Nestor,* 363 U.S. 603, 617, 80 S.Ct. 1367, 1376, 4

---

7. Defendant Anton argues that the judgment in his case is not final and that this Court should not hear the state's appeal. Whether or not the decision in Anton's case alone would be appealable, the judgment against Sylvester is final and properly before this Court. Because both cases present the identical issue on appeal, the policy favoring economy in the use of judicial resources supports our hearing both appeals together. *See Packard v. Whitten*, 274 A.2d 169, 175 (Me.1971); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.4a, at 438 (2d ed. Supp.1981).

8. *See also* 17–A M.R.S.A. § 4(2) (formerly § 4(3)) which provides: "All civil violations are expressly declared not to be criminal offenses . . . ." The legislature has also classified certain speeding violations as criminal. 29 M.R.S.A. § 1252(4) (1978) provides: "Any person who operates a motor vehicle at a speed which exceeds, by 30 miles an hour or more, speeds fixed pursuant to section 1251 or section 1255, or which exceeds, by 30 miles an hour or more, the maximum rates of speed fixed by subsection 2 shall be guilty of a misdemeanor."

L.Ed.2d 1435 (1960); *In re Garay,* 89 N.J. 104, 112, 444 A.2d 1107, 1111 (1982). That purpose may not be achieved, however, by a mere change in the label of the offense.[9] The statutory scheme must be analyzed to determine whether it is "so punitive either in purpose or effect as to negate that intention" with regard to the constitutional protection at issue. *Ward,* 448 U.S. at 249, 100 S.Ct. at 2641; *see also In re Garay,* 89 N.J. at 111–12, 444 A.2d at 1111; *State v. Schulz,* 100 Wis.2d 329, 330, 302 N.W.2d 59, 60 (Wis.Ct.App.1981).

Several factors have been used to determine whether the purpose or effect of a civil penalty proceeding is so punitive as to render it a criminal prosecution for purposes of applying constitutionally guaranteed protections. *See Brown v. Multnomah County District Court,* 280 Or. 95, 570 P.2d 52 (1977); *Nickelson v. People,* 607 P.2d 904 (Wyo.1980).[10] The following factors, set forth in *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963), exemplify some of the considerations used by courts to resolve issues similar to the one now before us:

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter,* whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point

in differing directions. (Notecalls omitted).

This list does not exhaust all the factors relied on by the courts, which have examined also the nature of the conduct, whether adverse collateral consequences may arise, and whether there exists the possibility of pretrial arrest and detention. *See Brown,* 280 Or. at 101–08, 570 P.2d at 57–60; *Nickelson,* 607 P.2d at 909. Usually no single one of the relevant factors can be applied to resolve the issue conclusively.

■ Although not alone decisive, the degree of severity of the penalty is important. *See Brown* 280 Or. at 103, 570 P.2d at 57; *Nickelson,* 607 P.2d at 909. In theory, a criminal sanction serves to "punish" an individual for violating a legal norm, while civil sanctions serve to coerce, regulate or compensate. *Clark, supra* n. 10, at 429–32, 475. Imprisonment may not be imposed as a sanction for a civil offense. *Brown,* 280 Or. at 103, 570 P.2d at 57; *Nickelson,* 607 P.2d at 909; Perkins, *The Civil Offense,* 100 U.Pa.L.Rev. 832, 846 (1952). Imprisonment is not a sanction for violation of a "traffic infraction" under section 1251. Even so, other sanctions must be examined, for they may be so severe as to render the statute penal in nature. *Ward,* 448 U.S. at 249, 100 S.Ct. at 2641. *Brown,* 280 Or. at 104, 570 P.2d at 57; *Nickelson,* 607 P.2d at 909.

■ Possible sanctions for a traffic infraction in violation of section 1251 are a $250 fine, 29 M.R.S.A. § 2303(1) (1978), and a temporary suspension of defendant's driver's license, 29 M.R.S.A. § 2305 (Supp.1982). The District Court is authorized to impose a fine of not less than $25 nor more than $250. The amount of the potential fine is not "so unreasonable or excessive that it

---

9. In other settings this Court has stated that the label "civil" or "criminal" is not dispositive of the nature of a proceeding. *State v. Gleason,* 404 A.2d 573, 583 (Me.1979); *see also* Charney, *The Need for Constitutional Protections for Defendants in Civil Penalty Cases,* 59 Cornell L.Rev. 478, 482 (1974); Comment, *Constitutional Issues Raised by the Civil-Criminal Dichotomy of the Maine OUI Law,* 35 Me.L. Rev. 385, 406 (1983). In *Gleason,* however,

this Court applied a due process analysis. That analysis is not applicable to the instant case.

10. *See generally* Charney, *supra* n. 9, at 491–506; Clark, *Civil and Criminal Penalties and Forfeitures: A Framework for Constitutional Analysis,* 60 Minn.L.Rev. 379 (1976); Note, *Legislation—Statutory Penalties—A Legal Hybrid,* 51 Harv.L.Rev. 1092 (1938); Comment, *supra* n. 9, at 396–405.

transformed what was clearly intended to be a civil penalty into a criminal penalty." *Rex Trailer Co. v. United States,* 350 U.S. 148, 154, 76 S.Ct. 219, 222, 100 L.Ed. 149 (1956). Defendants do not challenge the fine as being punitive on that ground; rather, they argue that the fine is unrelated to any actual damage to the state and must therefore be considered punitive. Monetary fines that are reasonable in the circumstances have been deemed civil in nature on the ground that they have a remedial rather than punitive purpose. *See Ward,* 448 U.S. at 256, 100 S.Ct. at 2645 (Blackmun, J. concurring); *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 236, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972); *Rex Trailer Co.,* 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149; *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943); *Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); *Scott v. Association for Childbirth at Home,* 88 Ill.2d 279, 288, 58 Ill.Dec. 761, 766, 430 N.E.2d 1012, 1017 (1982); *In re Garay,* 89 N.J. at 114, 444 A.2d at 1112; *State v. Western Capital Corporation,* 290 N.W.2d 467, 473 (S.D.1980). In effect, the fine serves as a form of damages for the state's enforcement costs. It is irrelevant for characterizing the proceeding as civil or criminal that the state neither alleges nor proves the amount of its actual costs or damages. *Rex Trailer Co.,* 350 U.S. at 152, 76 S.Ct. at 221; *In re Garay,* 89 N.J. at 114, 444 A.2d at 1112.

■ In addition to or instead of imposing the fine, the District Court also has the authority to suspend a defendant's license temporarily. 29 M.R.S.A. § 2305.[11] The

possibility of direct or collateral [12] suspension of an operator's license does not tend to make the offense criminal if it is not imposed to punish the individual but reflects a judgment that the violator should not continue to drive. *Brown,* 280 Or. at 108, 570 P.2d at 58. A proceeding to revoke a driver's license is a reasonable regulatory measure to protect public safety. *See State v. Carlisle,* 20 N.C.App. 358, 201 S.E.2d 704, 706, *aff'd,* 285 N.C. 229, 204 S.E.2d 15 (1974); *see also Brown,* 280 Or. at 105, 570 P.2d at 58; *Schulz,* 100 Wis.2d at 331, 302 N.W.2d at 61; *Clark, supra* n. 10, at 475. In sum, the sanctions provided by the Maine statute do not manifest such punitive intent in either purpose or effect as to render the proceeding criminal.

■ The Maine statute also authorizes the District Court to suspend a driver's license for failure to appear in court or for failure to pay a fine. 29 M.R.S.A. §§ 2301, 2301–A (Supp.1982). The suspension is effective only until the person appears or pays the fine. Such a suspension is not punitive but acts as a coercive measure in the nature of a civil sanction.

Certain other factors tend to show that the decriminalization of infractions under section 1251 is not merely cosmetic. The enforcement of criminal laws is generally characterized by arrest and detention, both before and after trial. *See Brown,* 280 Or. at 108, 570 P.2d at 60; Comment, *Constitutional Issues Raised by the Civil-Criminal Dichotomy of the Maine OUI Law,* 35 Me.L. Rev. 385, 411 (1983). In the course of pretrial enforcement of section 1251, a police

---

11. 29 M.R.S.A. § 2305 (Supp.1982) provides:
In addition to or instead of any other penalty provided in this Title and imposed by any court upon any person for violation of any provision of this Title, the court may suspend an operator's license for a period not exceeding 60 days, in which case the judge shall take up the license certificate of such person, who shall forthwith surrender the same and forward it by mail to the Secretary of State. The Secretary of State may thereupon grant a hearing and take such further action relative to suspending, revoking or restoring such license or the registration of the vehicle operated thereunder as he deems necessary.

12. Defendant points to 29 M.R.S.A. § 2241(1)(C) (Supp.1982) as showing the collateral consequences of an adjudication that he has violated section 1251. An adverse decision counts against him on the point system maintained by the Secretary of State pursuant to 29 M.R.S.A. § 2241(2). Such a system is a reasonable regulatory measure and not solely punitive in nature.

officer may stop and temporarily detain the traffic offender in order to cite him to appear in court. However, M.D.C.Civ.R. 80F(b)(2) expressly provides that the officer shall not take the defendant into custody. The fact that a motorist charged with a traffic infraction in violation of section 1251 is not subject to a full-custody arrest comports with civil rather than criminal process. *Cf. Brown,* 280 Or. at 108, 570 P.2d at 60.

With respect to post-trial enforcement of the judgment, some states have retained the criminal law process, including arrest, to enforce a judgment in a traffic infraction proceeding even though purporting to decriminalize the infraction. Arrest tends to indicate that proceedings are criminal in nature. *State v. Clayton,* 584 P.2d 1111 (Alaska 1978); *State v. Miller,* 115 N.H. 662, 348 A.2d 345 (1975). In contrast, Rule 80F(i) of the Maine District Court Civil Rules provides: "Judgments in traffic infraction proceedings shall be enforced as in other civil actions."

Two factors sometimes regarded as indicating that a statutory scheme effectively treats the proscribed conduct as criminal are not present here. Some courts have found the legislature's intent to create a civil offense undercut by excessive use of terminology associated with the criminal law. *State v. Clayton,* 584 P.2d at 1113; *State v. Knoles,* 199 Neb. 211, 256 N.W.2d 873 (1977); *Brown,* 280 Or. at 107–08, 570 P.2d at 59. We do not find excessive use of such terminology in the relevant Maine statutes and rules. We do not regard as dispositive the isolated use of the word "prosecutions" in 29 M.R.S.A. § 2302 (Supp. 1982)[13] or the provision in 29 M.R.S.A. § 2303 (1978) that a traffic infraction shall be "punished by a fine."

Finally, one court has found that although the legislature reclassified a certain offense (driving under the influence of in-

toxicants) from criminal to civil, the legislative history revealed that the reclassification was not intended to deemphasize the serious nature of the offense. *Brown,* 280 Or. at 107, 570 P.2d at 59. The *Brown* court laid stress on that factor as tending to show that the legislature really intended the offense to retain its criminal stigma. That factor is not present here.

As the Maine law now stands, "traffic infractions"[14] in violation of section 1251 have been effectively decriminalized, and traffic infraction proceedings are not "criminal prosecutions" for which the right to trial by jury is guaranteed by article I, section 6 of the Maine Constitution.

## II.

Defendants argue in the alternative that they have a right to jury trial under article I, section 20 of the Maine Constitution, the pertinent language of which provides: "In all civil suits, and in all controversies concerning property, the parties shall have a right to trial by jury, except in cases where it has heretofore been otherwise practiced . . . ." That provision, substantially similar to article 15 of the Declaration of Rights in the Massachusetts Constitution, preserves the right to jury trial in civil actions *where that right existed when the Maine Constitution was adopted. Cf. State v. Sklar,* 317 A.2d 160 (Me.1974) (*all* criminal prosecutions). The provision does not apply to suits in equity or other civil proceedings not then tried by jury in the common law courts. *Portland Pipe Line Corp. v. Environmental Improvement Commission,* 307 A.2d 1, 28 (Me.), *appeal dismissed,* 414 U.S. 1035, 94 S.Ct. 532, 38 L.Ed.2d 326 (1973); *Farnsworth v. Whiting,* 106 Me. 430, 76 A. 909 (1910) (citing *Parker v. Simpson,* 180 Mass. 334, 62 N.E. 401 (1902)); *see Opinion of the Justices,* 315 A.2d 847 (Me.1974) (upholding workers' compensation law); *Kennebec Water District v. City of Waterville,*

---

**13.** The first sentence of 29 M.R.S.A. § 2302 (Supp.1982) provides: "The District Court shall have original and exclusive jurisdiction over all prosecutions for traffic infractions."

**14.** As defined in 29 M.R.S.A. § 1(17–C) (1978), set forth *supra* note 2. Our decision in this case relates only to such infractions.

96 Me. 234, 52 A. 774 (1902) (condemnation proceedings); *cf. Ashley v. Three Justices of Superior Court,* 228 Mass. 63, 116 N.E. 961 (1917) (no jury trial for petition under corrupt practices act); *Attorney General v. Sullivan,* 163 Mass. 446, 40 N.E. 843 (1895) (no jury trial in *quo warranto* proceeding to try title to political office). *See* 1 Field, McKusick and Wroth, *Maine Civil Practice* § 38.1, at 550 (2d ed. 1970).

 When a new type of statutory action is created, the existence of a constitutional right to jury trial under article I, section 20, depends on the nature of the action. *Portland Pipe Line Corp.,* 307 A.2d at 29. If it is of a kind that was heard and determined by a common law court with a right to jury trial prior to the adoption of the Maine Constitution, then article I, section 20, guarantees the right today. *Id.*

We are concerned here with an entire system for disposition of traffic infractions that requires the District Court judge first to determine a defendant's liability and then either impose a civil fine within prescribed limits or suspend defendant's operator's license, or both. Defendants take the position, in effect, that in 1819 a jury trial would have been required in a comparable proceeding by article 15 of the Declaration of Rights in the Massachusetts Constitution. However, they cite no authority for the proposition that a comparable civil suit by the Commonwealth even existed in 1819, let alone that it was heard by a jury.

The legislation here in question does not provide merely that a fine be levied against a defendant found liable for a traffic infraction. It reposes discretion in the District Court to suspend the defendant's operator's license in addition to or instead of imposing a fine.[15] We are aware of no civil suit in 1819 that would have been comparable to such a proceeding.

The entry is:

Judgment of the Superior Court (York County) in CV–81–462 (*State v. Anton*) reversed; remanded for entry of judgment affirming the judgment of the District Court.

Judgment of the Superior Court (Cumberland County) in CV–81–1341 (*State v. Sylvester*) affirmed.

All concurring.

---

15. 29 M.R.S.A. § 2305 (Supp.1982).