STATE of Wisconsin, Plaintiff-Appellant,

v.

Margaret E. THIERFELDER, Defendant-Respondent-
Petitioner.

Supreme Court

*No. 91-0942-CR. Oral argument January 7, 1993.—Decided
February 24, 1993.*

(Also reported in 495 N.W.2d 669.)

For the defendant-respondent-petitioner there was a brief by *Edward F. Neubecker,* Milwaukee and oral argument by *Edward F. Neubecker.*

For the plaintiff-appellant the cause was argued by *Maureen McGlynn Flanagan,* assistant attorney general,

■■■■■■■■

with whom on the brief was *James E. Doyle,* attorney general.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed March 17, 1992, reversing an order of the circuit court for Milwaukee County, Rudolph T. Randa, Circuit Judge. The circuit court dismissed the information charging Margaret Thierfelder with two Class E felonies: (a) causing injury by intoxicated use of a motor vehicle, sec. 940.25(1)(a), Stats. 1987–88, and (b) causing great bodily harm while having a blood alcohol concentration (BAC) of 0.10% or more, sec. 940.25(1)(b), Stats. 1987–88.[1] The circuit court held that the double jeopardy clause[2] barred the criminal prosecution because the defendant had already pleaded guilty to a civil municipal traffic citation for operating a motor vehicle under the influence of an intoxicant, first offense, in connection with the same traffic accident. The court of appeals reversed the circuit court's dismissal of the information, holding that the defendant had not been subjected to multiple criminal convictions for the same offense, and therefore the defendant's constitutional rights had not been violated. Like the court of appeals, we conclude that the prior civil judgment in the municipal traffic ordinance action does not bar this criminal prosecution. We do not read *Grady v. Corbin,* 495 U.S. 508 (1989), as the defendant does, to hold that the double jeopardy

---

[1] *See State v. Bohacheff,* 114 Wis. 2d 402, 417, 338 N.W.2d 466 (1983), which discusses prosecutions of these two offenses.

[2] The fifth amendment to the federal constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." This provision is applicable to the states through the fourteenth amendment. *Illinois v. Vitale,* 447 U.S. 410, 415 (1979).

clause bars the state's prosecution of an accused for a traffic-related felony offense because of his or her previous conviction of a civil municipal traffic charge involving the same accident. Accordingly we affirm the court of appeals' decision and remand the matter to the circuit court for further proceedings.

## I.

The material facts are not in dispute for purposes of this appeal. On July 11, 1987, Margaret Thierfelder struck a pedestrian with her car in the Village of Glendale, Wisconsin, causing the pedestrian to sustain serious, permanent head injuries. A blood alcohol intoxilyzer test administered within three hours of the accident showed that the defendant had a blood alcohol content of .167%. Thierfelder admitted to the law enforcement officer attending the accident that she had been drinking beer and smoking marijuana prior to the accident.

On July 13, 1987, the state charged Thierfelder with two Class E felony counts of causing injury by intoxicated use of a motor vehicle, sec. 940.25(1)(a), Stats. 1987–88, and causing great bodily harm while having a blood alcohol content of 0.10% or more, sec. 940.25(1)(b), Stats. 1987–88. Thierfelder waived an August 31, 1987 preliminary hearing on the felony charges, and the state filed an information setting forth these charges.

Shortly after the automobile accident or at the time the criminal charges were filed, Thierfelder was served with municipal traffic citations charging her with violating several Village of Glendale ordinances which had been enacted in conformity with state statutes:[3] operat-

[3] Section 349.06, Stats. 1987–88, provides that ". . . any local authority may enact and enforce any traffic regulation which is in

216

ing a motor vehicle while under the influence of an intoxicant (first offense), sec. 346.63(1)(a), Stats. 1987-88; operating a motor vehicle with a blood alcohol content greater than 0.10%, sec. 346.63(1)(b), Stats. 1987-88; possession of an open intoxicant, sec. 346.935, Stats. 1987-88; and driving under the influence of a controlled substance, sec. 346.63(1)(a), Stats. 1987-88.[4] All of these civil municipal traffic charges were connected with the July 11, 1987, accident.

On April 19, 1988, Thierfelder pleaded guilty or no contest before Milwaukee County Circuit Court Judge Joseph P. Callan to the civil municipal traffic charge of operating a motor vehicle while under the influence of an intoxicant (first offense). The remaining civil municipal traffic charges were dismissed. The circuit court imposed a forfeiture and costs in the amount of $399.50 and suspended her driver's license for six months.

Only the felony charges set forth in the information remained before the circuit court. Trial was scheduled for April 27, 1988. On that date, the defendant's attorney moved the circuit court to dismiss the charges, asserting that continued prosecution would violate constitutional double jeopardy guarantees. At a hearing on the motion, the defendant conceded that her claim of double jeopardy was precluded by our decision in *State v. Kramsvogel*, 124 Wis. 2d 101, 369 N.W.2d 145 (1985). Circuit Court Judge John McCormick denied the defendant's

strict conformity with one or more provisions of chs. 341 to 348 and 350 for which the penalty for violation thereof is a forfeiture."

[4] Neither the traffic citations nor the record of their actual dispositions appear in the record before this court. The parties' briefs refer to them. For purposes of this appeal we accept the factual representations contained in the briefs as true.

motion and set the matter for a jury trial on September 21, 1988. The trial was set over several times.

On May 18, 1990, the parties stipulated that the intoxilyzer test revealed a blood alcohol content of .167% at the time of the accident and that the victim's injuries constituted great bodily harm under sec. 939.22(14). On May 24, 1990, the trial was scheduled for August 8, 1990.

On May 29, 1990, the United States Supreme Court issued its decision in *Grady v. Corbin,* 495 U.S. 508 (1989), interpreting the double jeopardy clause of the United States Constitution. Just before her trial date, on August 3, 1990, the defendant again moved to dismiss the felony charges on double jeopardy grounds, this time relying on *Grady v. Corbin.* On November 26, 1990, after briefs and oral argument, the circuit court (Circuit Judge Rudolph T. Randa) ordered dismissal of the felony charges. On appeal by the state, the court of appeals reversed the order of the circuit court. We granted the defendant's petition for review and now affirm the decision of the court of appeals.

## II.

■

This case presents a question of law which this court may decide independently of the circuit court or court of appeals: does the double jeopardy clause bar the state's prosecution of the defendant for the felony offenses because of her previous conviction of a civil municipal traffic charge involving the same traffic accident.[5]

---

[5] The state argued in the alternative that the defendant should not be permitted to use her double jeopardy protection offensively by knowingly pleading guilty to some but not all pending charges in order to create a double jeopardy claim where none existed previously. Because we conclude that the felony prosecu-

The United States Supreme Court has stated that the double jeopardy clause embodies three protections: against prosecution of the same offense after acquittal, against prosecution of the same offense after conviction, and against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969).

The circuit court, the court of appeals, the parties and this court agree that this case implicates the second double jeopardy protection, that is, against a second prosecution for the same offense after conviction. The bar to successive prosecutions furthers the principle that "the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . .." *Green v. United States,* 355 U.S. 184, 187 (1957). *See also Grady v. Corbin,* 495 U.S. at 518; *State v. Kramsvogel,* 124 Wis. 2d 101, 107–08, 369 N.W.2d 145 (1985).

This court has previously concluded that the double jeopardy clause is not implicated when one of two successive actions is a civil action rather than a criminal prosecution and the civil action does not result in the imposition of criminal punishment. Accordingly, when the court concludes that one of the actions is civil and does not impose a criminal punishment, the court need not inquire whether both prosecutions involve the same offense for purposes of double jeopardy analysis.[6] In

---

tion is not barred on grounds of double jeopardy, we need not discuss the state's alternative position.

[6] The commentary on *Grady v. Corbin* focuses on the Court's use of the "same conduct" test in interpreting the constitutional

*State v. Kramsvogel,*124 Wis. 2d 101, 369 N.W.2d 145 (1985), the court concluded that a criminal prosecution commenced subsequent to a proceeding for violation of a municipal ordinance does not constitute a "second prosecution" for double jeopardy purposes, citing the "long established rule that the double jeopardy clause protects against two attempted *criminal* prosecutions." 124 Wis. 2d at 109 (emphasis in original). "No rule," the court stated, "is better settled in Wisconsin than that a prosecution under a city ordinance does not bar a prosecution for the same act under a state statute or under the common law." 124 Wis. 2d at 109, quoting *Milwaukee v. Johnson,* 192 Wis. 585, 590, 213 N.W. 335 (1927). *See also State v. Schulz,* 100 Wis. 2d 329, 330, 302 N.W.2d 59 (Ct. App. 1981).

Our cases are consistent with the United States Supreme Court's position that the double jeopardy clause of the fifth amendment is not implicated when two actions involve "neither two criminal trials nor two criminal punishments. [The legislature] may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause

---

term "same offense" in the context of double jeopardy and successive prosecutions. *See, e.g.,* James M. Herrick, Double *Jeopardy Analysis Comes Home: The "Same Conduct" standard in Grady v. Corbin,* 79 Ky. L.J. 847 (1991); Thomas J. Hickey, *Double Jeopardy after Grady v. Corbin,* 28 Crim. L. Bull. 3 (1992); Diane M. Resch, *"High Comedy but Inferior Justice:" The Aftermath of Grady v. Corbin,* 75 Marq. L. Rev. 165 (1991); Tat Man J. So, *Double Jeopardy, Complex Crimes and Grady v. Corbin,* 60 Ford. L. Rev. 351 (1991).

The Court has granted certiorari in a case which involves the *Grady v. Corbin* "same conduct" test. *See United States v. Dixon,* 598 A.2d 724 (D.C. 1991), No. 91–12331, *cert. granted* 4/27/92, 60 L.W. 3735.

prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense." *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 235-36 (1972), quoting *Helvering v. Mitchell,* 303 U.S. 391, 399 (1938). *See also* Wayne R. LaFave and Jerold H. Israel, *Criminal Procedure,* vol. 3, § 24.1 (1984) (". . . the double jeopardy clause extends to all 'crimes' . . . . It may generally be said that the prohibition [on subsequent prosecutions] has no application in noncriminal cases.")

■

It is undisputed that the municipal traffic charges in this case were resolved in a civil suit, not a criminal prosecution. This court has held on numerous occasions that a proceeding to enforce a municipal ordinance is a civil action. *Neenah v. Alsteen,* 30 Wis. 2d 596, 601, 142 N.W.2d 232 (1966); *South Milwaukee v. Schantzen,* 258 Wis. 41, 43, 44 N.W.2d 628 (1950); *State ex rel. Keefe v. Schmeige,* 251 Wis. 79, 84, 28 N.W.2d 345 (1946). *See also State v. Kramsvogel,* 124 Wis. 2d 101, 117, 369 N.W.2d 145 (1985).[7]

The legislature has defined a crime as "conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a

---

[7] Furthermore, even if the defendant had been charged and found guilty under sec. 346.63(1), Stats. 1987-88, the action would have been a civil proceeding. It is clear that "a person's first violation of sec. 346.63(1) is not a criminal offense." *State v. Schulz,* 100 Wis. 2d 329, 330, 302 N.W.2d 59 (Ct. App. 1981), citing *State v. Albright,* 98 Wis. 2d 663, 298 N.W.2d 196 (Ct. App. 1980). *See also Welsh v. Wisconsin,* 466 U.S. 740, 754 (1984), and *Schindler v. Clerk of Circuit Court,* 715 F.2d 341, 345-46 (7th Cir. 1983) *cert. den.,* 465 U.S. 1068 (1984), describing Wisconsin's classification of OMVWI (first offense) as a civil action rather than a criminal prosecution.

forfeiture is not a crime." Section 939.12, Stats. 1987–88. Wisconsin municipalities cannot create crimes; therefore they cannot impose either a fine or imprisonment as a sanction for violation of a municipal ordinance. *Schmeige,* 251 Wis. 79, 84 (1946).

The defendant argues that our prior cases restricting the protections of the double jeopardy clause to successive criminal prosecutions are no longer binding after *Grady v. Corbin,* 495 U.S. 508 (1989). She contends that the United States Supreme Court substantially revised double jeopardy jurisprudence in *Grady v. Corbin.* In *Grady v. Corbin,* she argues, the Court did not rely on the distinction between a civil suit and a criminal prosecution, did not treat the prior prosecutions in that case for a misdemeanor and traffic infraction differently, and focused exclusively on the conduct of the accused. The defendant relies on the Court's statement that the "Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521. Thus, according to the defendant, the Court modified the prior cases and concluded that the double jeopardy clause may be implicated when there are successive civil and criminal prosecutions.

The defendant correctly points out that the facts in *Grady v. Corbin* are similar to those presented in the case at bar. On October 3, 1987, Thomas Corbin drove his car across a double yellow line in New York State and struck two oncoming cars, seriously injuring two people, one of whom later died. That evening, while at the hospital receiving treatment for his accident-related injuries, Corbin was served with two traffic tickets, one charging him with a misdemeanor offense of driving

while intoxicated, N.Y. Veh. & Traf. Law § 1192(3) (McKinney 1986), and the other with a "traffic infraction" of failure to keep right of the median, N.Y. Veh. & Traf. Law § 1120(a), which does not appear to be a crime under New York law. A blood test administered at the hospital that evening indicated that Corbin's blood alcohol level was 0.19%, nearly twice the level at which it is per se illegal to operate a motor vehicle in New York. N.Y. Veh. & Traf. Law § 1192(2) (McKinney 1986).

On October 27, 1987, Corbin pleaded guilty to these two violations and the court imposed sanctions. Two months later, on January 19, 1988, a grand jury investigating the accident indicted Corbin, charging him with reckless manslaughter, second-degree vehicular manslaughter, criminally negligent homicide, third degree reckless assault, and driving while intoxicated. Corbin claimed that prosecution of the charges set forth in the indictment was barred by double jeopardy because the state intended to prove in the second criminal prosecution that the accused was intoxicated and that he crossed the median—conduct to which the defendant had previously pleaded guilty. The Supreme Court agreed, stating "the State has admitted that it will prove the entirety of the conduct for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses. Therefore the Double Jeopardy Clause bars this successive prosecution . . .." 495 U.S. at 523. The defendant argues that by placing the focus of double jeopardy analysis on conduct rather than on offenses, the United States Supreme Court has eliminated the distinction between civil and criminal prosecutions and signalled its intention to apply the protections of the double jeopardy clause to both.

Although we are troubled that one of the offenses with which the accused in *Grady v. Corbin* was initially charged was apparently a civil offense, we conclude that the defendant has misinterpreted *Grady v. Corbin.* The opinion in *Grady v. Corbin* does not expressly change precedent limiting the application of the double jeopardy clause to criminal prosecutions, and we do not think it impliedly overturned prior law. Indeed the language of the *Grady v. Corbin* opinion supports the conclusion that the Court assumed that two successive criminal prosecutions were involved, not a civil action followed by a criminal prosecution. The United States Supreme Court expressly refers to the initial charges as including the "*misdemeanor* of driving while intoxicated." 495 U.S. at 511 (emphasis added). As the court of appeals noted in *State v. Naydihor,* 168 Wis. 2d 144, 483 N.W.2d 253 (Ct. App. 1992), "while Corbin never expressly states that the first proceeding there was criminal in nature, or that it must be for double jeopardy to attach, that basic notion is implicit in the opinion. The very first sentence of the [*Grady v. Corbin*] opinion reads:

> We have long held that the Double Jeopardy Clause of the Fifth Amendment prohibits successive prosecutions for the same *criminal* act or transaction under two *criminal* statutes whenever each statute does not 'requir[e] proof of a fact which the other does not.' "

*Naydihor,* 168 Wis. 2d at 154, quoting *Grady v. Corbin,* 495 U.S. at 510 (emphasis added in *Naydihor*).

The second sentence of the *Grady v. Corbin* opinion also implies that the Court is addressing successive criminal prosecutions. The Court adopts the suggestion made in *Illinois v. Vitale,* 447 U.S. 410 (1980), that "the second prosecution would be barred if the prosecution

sought to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution." *Grady v. Corbin,* 495 U.S. at 510 (emphasis added).

We agree with the court of appeals that it is "highly unlikely that the Supreme Court would depart from the well-settled principle, in multi-prosecution analysis, that 'the risk to which the [Double Jeopardy] Clause refers is not present in proceedings that are not 'essentially criminal.' " *State v. Lawton,* 167 Wis. 2d 461, 482 N.W.2d 142 (Ct. App. 1992) (quoting *Taylor v. Sherrill,* 819 P.2d 921, 926 (Ariz. 1991)).

Courts in other jurisdictions have interpreted *Grady v. Corbin* as we do. In *Taylor v. Sherrill,* 819 P.2d 921 (Ariz. 1991), the Arizona Supreme Court held that the prior entry of civil judgments against an accused on citations for unsafe turns and speeding did not bar a subsequent prosecution of the defendant on aggravated assault and criminal damage to property charges arising from the same incident. The court rejected a claim that *Grady v. Corbin* extended double jeopardy coverage to the multiple actions, stating that "[t]he key element of *Grady* is the Court's underlying assumption that the initial proceedings were in fact a 'prosecution.' Corbin was charged with a misdemeanor, entered a plea of guilty, and was subsequently sentenced. There is no indication in *Grady v. Corbin* that any party or the court contested that the proceedings resulting in guilty pleas in the Town Justice Court were anything but prosecutions." 819 P.2d at 926 (emphasis in original).[8]

---

[8] The state points out in this case that the United States Supreme Court's failure to treat the misdemeanor charge and the traffic infraction differently is not significant, because the New York district attorney did not argue that the classification of one of the charges as a traffic infraction meant that the accused had

In *Purcell v. United States,* 594 A.2d 527 (D.C. App. 1991), an accused who had failed to stop at a red light and caused a fatal accident argued that, under *Grady v. Corbin,* double jeopardy attached to the prior imposition of penalties for failure to stop at a red light to bar a subsequent negligent homicide prosecution. The court explained that it rejected the argument because the defendant had not yet been prosecuted for any crime. "What places this case beyond the reach of *Grady v. Corbin* is a 1978 statute, the Traffic Adjudication Act, which converted almost all District of Columbia traffic offenses from crimes to civil violations. The Double Jeopardy Clause only prohibits successive criminal prosecutions or punishments for the same act. It does not bar a criminal prosecution after a proceeding that results in a civil sanction, or vice versa." 594 A.2d at 529 (emphasis in original).

In *Allen v. State,* 605 A.2d 994 (Md. App. 1992), the Maryland court of appeals rejected an argument that, under *Grady v. Corbin,* double jeopardy attached to a civil forfeiture of property acquired with the proceeds of

not been charged with a criminal offense in the first action. State's Brief at 23, citing Brief and Reply Brief for Petitioner, *Grady v. Corbin,* no. 89–474, Supreme Court of the United States, October Term, 1989. The state further asserts that although the offense of failure to stay to the right of the median is not a crime under New York law, the penalty was by fine of not more than fifty dollars or by imprisonment for not more than fifteen days or by both. The state apparently asserts that the sanction in New York for the traffic infraction constituted "punishment" to which double jeopardy attached. *See United States v. Halper,* 490 U.S. 435, 447–48 and page 16, *infra.* The state further argues that the penalty structure in New York for the traffic infraction is substantially unlike that for OMVWI (first offense) in Wisconsin.

drug sales and barred a subsequent criminal prosecution for possessing drugs with intent to distribute.

The United States Supreme Court has discussed *Grady v. Corbin* in only one subsequent double jeopardy case, *United States v. Felix,* — U.S. —, 112 S.Ct. 1377 (1992). The *Felix* Court found that the double jeopardy clause did not bar a prosecution for conspiracy when some of the overt acts relied upon by the government were based on substantive offenses for which the accused had been previously charged, because conspiracy was not the "same offense" as any of the underlying acts. The Court declined to read *Grady v. Corbin* "expansively" because of "the context in which Grady arose and because of difficulties which have already arisen in its interpretation." 112 S.Ct. at 1384. The Court rejected the federal court of appeals' reading of *Grady v. Corbin* as essentially "substituting for the 'same offense' language of the Double Jeopardy Clause a test based on whether the two prosecutions involve the 'same conduct.' " 112 S.Ct. at 1385, discussing 926 F.2d 1522, 1527–28 (10th Cir. 1991). The Court's rejection of the 10th circuit court of appeals reading of *Grady v. Corbin,* which is substantially the same reading the defendant in the present case advocates, and the Court's effort to contain the reach of *Grady v. Corbin* support the conclusion that *Grady v. Corbin* contains no sub silentio reworking of established doctrine.

We conclude, for the reasons set forth above, that the United States Supreme Court did not intend *Grady v. Corbin* to overrule the established principle that a prior civil judgment will not bar a subsequent criminal prosecution. We realize that the defendant may view this result as unfair, believing herself to be punished twice for operating a vehicle while intoxicated. The equities lie on both sides, however, and it would work a greater unfair-

ness to the public if intoxicated drivers who caused serious harm were able to escape punishment under the criminal statutes by pleading guilty to minor civil offenses. As one author has commented, "It does seem a miscarriage of justice that a fine for a minor traffic offense would shield a defendant from prosecution for a homicide." George C. Thomas III, *The Prohibition of Successive Prosecution for the Same Offense: In Search of a Definition,* 71 Iowa L. Rev. 323, 389 (1986).

## III.

Two further issues emerged in the case. They are not set forth in the defendant's petition for review, and the defendant cannot raise or argue them as a matter of right. Section 809.62(6), Stats. 1987–88. The defendant nevertheless raised one issue in oral argument and the other in her brief; the state's brief addresses both issues. Although we need not decide these issues, we shall comment on them briefly.

At oral argument, defense counsel asserted that the civil sanctions for driving while intoxicated constitute significant punishment because they shame and stigmatize the persons convicted. This argument raises the question whether the civil sanctions for the municipal traffic ordinance violation (first offense OMVWI) constitute a criminal punishment to which the double jeopardy clause applies.

We recognize that some civil sanctions can be "so extreme and so divorced from the Government's damages and expenses as to constitute punishment" to which double jeopardy can attach. *United States v. Halper,* 490 U.S. 435, 442 (1989). In *State v. Schulz,* 100 Wis. 2d 329, 302 N.W.2d 59 (Ct. App. 1981), the court concluded that "the legislature intended [to impose] a civil penalty" for

driving while intoxicated (first offense) and that the penalties are not "so punitive as to cause us to conclude that jeopardy should attach." 100 Wis. 2d at 331. While the penalty provisions of sec. 346.63(1), have been amended since *Schulz* was decided, the defendant has not demonstrated that the changes transform the civil sanctions into criminal penalties. See *State v. Lawton,* 167 Wis. 2d at 474–75; Thomas J. Hammer, *The New OMVWI Law: Wisconsin Changes its Approach to the Problem of Drinking and Driving,* 55 Wis. Bar. Bull. 15, 16 (May 1982).

A second issue (which the defendant raised in her brief) is a statutory claim of double jeopardy. The defendant asserts that the criminal prosecution is barred by sec. 345.52(1), Stats. 1987–88, which provides:

A judgment on the merits in a traffic ordinance action bars any proceeding under a state statute for the same violation. A judgment on the merits in an action under a state statute bars any proceeding under a traffic ordinance enacted in conformity with the state statute for the same violation.

We agree with the court of appeals' analysis of this statute. Although the statute does not expressly distinguish between civil and criminal actions, it comes into play only in civil actions because only civil violations can arise in both state and municipal contexts. Section 345.52(1) prevents one governmental unit from seeking a forfeiture for violation of a traffic law after another has exacted its forfeiture for the same incident and same violation. Simply put, sec. 345.52(1) creates a statutory bar to parallel municipal and state civil judgments based on the same incident and same traffic regulation. Section 345.52(1) does not apply to this state criminal pros-

ecution which emanates from the same conduct giving rise to a violation of a municipal traffic ordinance.

For the reasons set forth, we conclude that the prior civil judgment in the municipal traffic ordinance action does not bar this criminal prosecution. The decision of the court of appeals reversing the circuit court's order dismissing the information is affirmed. The cause is remanded to the circuit court for proceedings consistent with this opinion.

*By the Court.*—The decision of the court of appeals is affirmed.