STATE of Wisconsin, Plaintiff-Appellant,

v.

Timothy P. NAYDIHOR, Defendant-Respondent. [Case No. 91-0945-CR.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

Gregory J. PETERSON, Defendant-Respondent. [Case No. 91-1020-CR.]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Leroy CARR, Defendant-Appellant. [Case No. 91-1673-CR.]

Court of Appeals

*Nos. 91-0945-CR, 91-1020-CR, 91-1673-CR. Submitted on briefs January 24, 1992.—Decided March 11, 1992.*

(Also reported in 483 N.W.2d 253.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert J. Jambois,* district attorney, and *Glenn J. Blise,* assistant district attorney.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald J. Bielski,* assistant state public defender, of Kenosha.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Steven D. Phillips,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert J. Jambois,* district attorney, and *Glenn J. Blise,* assistant district attorney.

On behalf of the State of Wisconsin, an *amicus curiae* brief was filed by *James E. Doyle,* attorney general, and *Maureen McGlynn Flanagan,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.   This is a consolidation of three cases, each presenting the identical issue: whether an adjudication of guilt on a civil traffic offense penalized solely by a forfeiture erects a double jeopardy bar to a subsequent criminal prosecution based on the same conduct supporting the civil action.[1] Each of the defendants argues that *Grady v. Corbin,* 495 U.S. 508 (1990), bars the subsequent prosecution. We disagree. To read *Corbin* as the defendants do would result in an abrupt and unwarranted departure from the long-held notion of double jeopardy protection against successive *criminal* prosecutions or punishment for the same conduct. We decline to take that action without explicit Supreme Court direction to do so. Based on *Corbin* and *United States v. Halper,* 490 U.S. 435 (1989), we hold that because the traffic proceedings were not criminal and did not impose criminal punishment, none of the defendants was placed twice in jeopardy for the same conduct by the subsequent criminal prosecutions.

Accordingly, we conclude that the trial court erred by dismissing the criminal charges against Naydihor and Peterson, and we reverse those orders. We also conclude that the trial court properly denied Carr's motion to dismiss the criminal charges and we affirm that order.

---

[1]Each of the three cases in this appeal originally was to be decided by one judge, pursuant to sec. 752.31(2), Stats. Upon this court's own motion, the cases were ordered to be decided by a full panel and were consolidated because of the similarity of issues presented.

## I. FACTS

### A. Naydihor

In December 1990, Timothy Naydihor was involved in a car accident and was issued a citation for failing to yield the right-of-way while making a left turn, contrary to sec. 346.18(2), Stats. He was ordered to appear on those charges on January 30, 1991. That appearance was continued to allow the state to review medical records pertinent to potential alcohol-related charges. He was ordered to appear on February 12 on both the citation and the as yet unissued alcohol-related charges.

On February 12, a criminal complaint was filed against Naydihor charging him with four counts of causing injury by intoxicated use of a motor vehicle and four counts of causing injury by operating a motor vehicle while having a blood alcohol concentration in excess of 0.10%, contrary to sec. 346.63(2)(a)1 and 2, Stats. Naydihor pled guilty to the citation and was ordered to pay $67.[2] He pled not guilty to the criminal charges. Nine days later, Naydihor moved to dismiss the criminal charges on double jeopardy grounds. The state conceded that prosecution on the criminal charges would require proof of the same conduct underlying the civil action.[3] The trial court agreed with Naydihor that *Corbin* precluded the criminal prosecution and granted his motion. The state appeals.

[2]The stated amount of each of the defendant's forfeitures includes statutory fees and assessments.

[3]No such concession was made in either Peterson's or Carr's case.

149

## B. Peterson

On February 13, 1991, Gregory Peterson was issued two traffic tickets. One was for driving left of center, contrary to sec. 346.05(1), Stats. The other was for operating after revocation (OAR), second offense, contrary to sec. 343.44(1), Stats. Peterson was convicted in municipal court of the driving left of center charge and forfeited $97.

A criminal complaint was filed on March 7 charging Peterson with OAR. Peterson successfully moved to dismiss the charge on double jeopardy grounds. The state appeals.

## C. Carr

On March 2, 1991, Leroy Carr was cited for failing to yield at a flashing red light, contrary to sec. 346.39(1), Stats. A routine driving status check revealed that he was a habitual traffic offender (HTO) who was driving after revocation. Two days later a criminal complaint was filed charging Carr with fourth offense OAR as an HTO. Carr then pled guilty to the failing to yield offense and forfeited $61. Carr's motion to dismiss the criminal charge based on double jeopardy was denied. He appeals.

## II. DISCUSSION

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." It applies to states through the due process clause of the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 794 (1969). In similar fashion, art. I, sec. 8, of the Wisconsin Constitution provides that "no person for the same offense may be put twice in jeopardy of punish-

ment." The decisions of the United States Supreme Court govern both provisions. *State v. Harris,* 161 Wis. 2d 758, 760, 469 N.W.2d 207, 208 (Ct. App. 1991).

The double jeopardy clause embodies three protections: (1) against a second prosecution for the same offense after acquittal; (2) against a second prosecution for the same offense after conviction; and (3) against multiple punishments for the same offense. *Corbin,* 495 U.S. at 516. Collectively, these three protections forbid two things: successive prosecutions and multiple punishments. *Corbin* is an example of a successive prosecution case, *see id.* at 510; *Halper* is an example of a multiple punishment case. *See Halper,* 490 U.S. at 439–40. To fully address the defendants' double jeopardy claims, we will conduct both a successive prosecution and a multiple punishment analysis.

## A.  Successive Prosecution

Successive prosecutions are barred because otherwise a defendant could be "forced to run the gauntlet" more than once. *Green v. United States,* 355 U.S. 184, 190 (1957). Furthermore, successive prosecutions would permit the state to "rehearse its presentation of proof" and perfect its evidence through successive attempts at conviction. *Corbin,* 495 U.S. at 518. Wisconsin courts often have stated that there is no double jeopardy bar to a second prosecution if the first was not criminal and did not result in criminal punishment. *See State v. Kramsvogel,* 124 Wis. 2d 101, 108–09, 369 N.W.2d 145, 148, *cert. denied,* 474 U.S. 901 (1985), and *State v. Schulz,* 100 Wis. 2d 329, 330, 302 N.W.2d 59, 60 (Ct. App. 1981). Naydihor, Peterson and Carr contend that *Corbin* implicitly overrules cases such as *Kramsvogel* and

*Schulz.* They assert that, despite the first proceeding being civil in nature, *Corbin* proscribes a second prosecution on double jeopardy grounds if the second is based on the "same conduct" as the first. They take this position despite recognizing that the Supreme Court did not explicitly state that the "same conduct" analysis applies when the prior proceeding is civil with purely civil sanctions imposed.

The facts of *Corbin* are these: Corbin, whose blood alcohol level was found to be 0.19%, allegedly caused a fatal accident when he drove his car across a highway's double yellow line and struck oncoming vehicles. He received two traffic tickets, one for driving while intoxicated, a misdemeanor, and the other for failing to keep right of the median, a traffic "infraction."[4] He pleaded guilty to both.

Three months later, Corbin was charged with reckless manslaughter, second-degree vehicular manslaughter, criminally negligent homicide, third-degree reckless assault, and driving while intoxicated. To prove the homicide and assault charges, the prosecution stated that it intended to prove that Corbin was: (1) operating a motor vehicle on a public highway in an intoxicated condition, (2) failing to keep right of the median, and (3) driving too fast for conditions. Corbin moved to dismiss

---

[4]Unless otherwise specified, a traffic infraction is not a crime under New York law. N.Y. Veh. & Traf. Law sec. 155 (McKinney 1991). Although nominally not a crime, traffic infractions for which no other penalty was provided were punishable for a first conviction by "a fine of not less than fifty dollars nor more than one hundred fifty dollars or by imprisonment for not more than fifteen days or by both such fine and imprisonment." N.Y. Veh. & Traf. Law sec. 1800 (McKinney 1991). This penalty scheme stands in stark contrast to that which Wisconsin employs for civil traffic offenses.

the criminal indictment on double jeopardy grounds. Ultimately, the Supreme Court ruled in his favor, holding that the double jeopardy clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant already has been prosecuted. *Corbin,* 495 U.S. at 510.

Until *Corbin,* the "test" for double jeopardy was as set out sixty years ago in *Blockburger v. United States,* 284 U.S. 299 (1932). As stated in *Blockburger,* the double jeopardy clause prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes whenever each statute does not require proof of a fact which the other does not. *Id.* at 304. *Corbin* expanded that analytic framework, stating that a subsequent prosecution must do more than merely survive the *Blockburger* test. *Corbin,* 495 U.S. at 521. In addition,

> the Double Jeopardy clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Id.* The defendants look to this language to support their claims that their criminal prosecutions are barred. We are not persuaded.

We are convinced that the key to the *Corbin* holding is the Court's underlying assumption[5] that the initial

---

[5]Naydihor and Peterson maintain that it is "unlikely that such an assumption would have been so carelessly made . . .. [A] more reasonable interpretation . . . is that the Court concluded that it simply didn't matter whether the initial prosecution was characterized as civil or criminal." Similarly, Carr asserts that "[t]he *[Corbin]* analysis in no way attempts to limit itself to the

proceedings were a criminal prosecution. *Accord, Taylor v. Sherrill,* 819 P.2d 921, 926 (Ariz. 1991) *(en banc).* The Court was neither asked to, nor did it, decide whether Corbin's initial prosecution was civil or criminal.

But while *Corbin* never expressly states that the first proceeding there was criminal in nature, or that it must be for double jeopardy to attach, that basic notion is implicit in the opinion. The very first sentence of the opinion reads:

> We have long held that the Double Jeopardy Clause of the Fifth Amendment prohibits successive prosecutions for the same *criminal* act or transaction under two *criminal* statutes whenever each statute does not "requir[e] proof of a fact which the other does not."

*Corbin,* 495 U.S. at 510 (quoting *Blockburger,* 284 U.S. at 304) (emphasis added; footnote omitted). Moreover, the facts of *Corbin* suggest as much: the Court noted that upon pleading guilty in the initial proceedings, Corbin was "sentenced" to, among other things, a $350 "fine." *Id.* at 513. Finally, the Court commented that if the district attorney had wanted to prevent Corbin from pleading guilty to the traffic tickets, he could have applied for an adjournment in the local *criminal* court on the ground that he intended to present the *misdemeanor* charge in question to a grand jury. *Id.* at 513 n. 3. Consequently, *Corbin*'s application to the cases before us is extremely limited.

██ Basic to the application of double jeopardy analysis in successive prosecution cases, therefore, is the presence of "successive prosecutions for the same *criminal* act or

criminal versus civil nature of the prior or subsequent prosecutions."

transaction under two *criminal* statutes." *Id.* at 510 (emphasis added). The first charges against Naydihor, Peterson and Carr were, respectively, failure to yield the right-of-way, operating left of center, and failure to yield at a flashing red light. The defendants do not dispute that these all are civil offenses. Accordingly, *Corbin* does not govern and so does not prohibit the subsequent criminal prosecutions in any of the three cases.

## B. Multiple Punishment

The three defendants analyze their double jeopardy claims solely on the basis of the bar against successive prosecutions discussed in *Corbin.* Nonetheless, we also address the multiple punishment aspect of double jeopardy.

"[T]here is no double jeopardy bar to a second prosecution if the first prosecution was not criminal *and if it did not result in a criminal punishment." Schulz,* 100 Wis. 2d at 330, 302 N.W.2d at 60 (emphasis added). In other words, where a nominally civil sanction is more fairly characterized as deterrent or retributive rather than remedial, it constitutes "punishment" and may pose a double jeopardy bar to subsequent criminal penalties for the same conduct. *See Halper,* 490 U.S. at 448–49.

The question presented, then, is whether the statutory penalties imposed against Naydihor ($67), Peterson ($97) and Carr ($61) constitute criminal penalties. Whether a particular statutorily defined penalty is civil or criminal is a matter of statutory construction. *Schulz,* 100 Wis. 2d at 330, 302 N.W.2d at 60. Statutory construction is a question of law which we decide without

deference to the trial court. *State v. Martin,* 162 Wis. 2d 883, 891–92, 470 N.W.2d 900, 903 (1991).

By examining the express legislative intent, we first determine whether the intent was to establish a civil penalty. *Schulz,* 100 Wis. 2d at 330–31, 302 N.W.2d at 60. If so, we next consider whether, nonetheless, the penalty is so punitive either in purpose or effect as to negate that intent. *Id.* at 331, 302 N.W.2d at 60.

Applying those principles, we conclude that the legislature intended to establish civil penalties for violations of sec. 346.18(2), Stats. (Naydihor); sec. 346.05(1), Stats. (Peterson); and sec. 346.39(1), Stats. (Carr).[6] The monetary sanctions are denominated "forfeitures" and there is no provision for imprisonment. Conduct punishable only by a forfeiture is not a crime. Section 939.12, Stats. Also, the Wisconsin Supreme Court has determined that the legislature clearly intended that violations of state traffic laws involving forfeitures be treated as civil offenses. *State v. Peterson,* 104 Wis. 2d 616, 621, 312 N.W.2d 784, 786 (1981).

Having concluded that the violations at issue are civil offenses, we next consider whether the penalties are nonetheless so punitive either in purpose or effect as to negate that intent. *Schulz,* 100 Wis. 2d at 331, 302 N.W.2d at 60.

Whether a sanction constitutes punishment is not to be made from the defendant's perspective, however. *Halper,* 490 U.S. at 447 n. 7.

---

[6]The penalty provisions applying to Naydihor, Peterson and Carr are secs. 346.22(1), 346.17, and 346.43, Stats., respectively.

> On the contrary, our cases have acknowledged that for the defendant even remedial sanctions carry the sting of punishment. Rather, we hold merely that *in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question,* not the underlying nature of the proceeding giving rise to the sanction, *that must be evaluated.*

*Id.* (emphasis added; citation omitted). The *Halper* Court then announced a rule for the "rare case" where the penalty is "overwhelmingly disproportionate" to the damage caused. *Id.* at 449. The rule is "one of reason"; it directs that the penalty bear a "rational relation" to the damage. *Id.*

*Halper* was such a "rare case." There, the defendant was convicted of violating the federal criminal false claims statute for submitting sixty-five false Medicare claims. He was sentenced to prison and fined $5000. Then, on the basis of the same facts, the government sued him under the federal False Claims Act, a civil statute. In accordance with the Act's remedial provisions which allowed a civil penalty of $2000 per count, the government was awarded damages of $130,000. The government's actual loss, however, was only about $16,000: $585 in damages and the rest in investigation and prosecution costs. The Court held that the disparity between the statutorily authorized penalty and the government's costs was "sufficiently disproportionate" so as to violate the double jeopardy clause. *Id.* at 452.

Neither Naydihor's, Peterson's nor Carr's situation presents the "rare case" described in *Halper.* Respectively, their forfeitures were $67, $97 and $61. These civil sanctions bear a rational relation to the "damage" to the state and are not so divorced from any remedial

157

goal that they fairly can be said to constitute "punishment" in double jeopardy terms. *See id.* at 443; *see also Kramsvogel,* 124 Wis. 2d at 119-20, 369 N.W.2d at 154 (stating that a maximum forfeiture of $500 for violating a municipal ordinance is not so punitive either in purpose or effect as to trigger the protection of the double jeopardy clause).

Our conclusion that neither *Corbin* nor *Halper* erects a double jeopardy bar to the defendants' criminal prosecutions comports with recent decisions in other jurisdictions. The Arizona Supreme Court held that civil traffic judgments for speeding and unsafe turn violations did not constitute "prosecutions" to which jeopardy could attach thus preventing a later prosecution for aggravated assault and criminal damage arising out of the same conduct. *Taylor,* 819 P.2d at 926. Consequently, it held that *Corbin* was "simply inapplicable." *Id.* The court also held that the sanctions imposed for those violations were intended to be civil and that there was a failure of proof that their purpose or effect was so punitive as to negate the civil label. *Id.* at 928.[7]

Accordingly, we reverse the orders dismissing the criminal charges against Naydihor and Peterson and affirm the order refusing to dismiss the charge against Carr.

---

[7]The District of Columbia Court of Appeals has ruled likewise. *See Purcell v. United States,* 594 A.2d 527 (D.C. 1991). Although in *Purcell* the civil traffic charges apparently were processed by an administrative agency rather than a court, *see id.* at 528, the double jeopardy analysis harmonizes with that in *Taylor v. Sherrill,* 819 P.2d 921 (Ariz. 1991) *(en banc),* and this opinion.

*By the Court.*—The orders of the trial court in *State v. Naydihor* (No. 91–0945-CR) and *State v. Peterson* (No. 91–1020-CR) are reversed.

The order of the trial court in *State v. Carr* (No. 91–1673-CR) is affirmed.