Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000578
02-SEP-2015
12:41 PM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---


STATE OF HAWAIʻI, Plaintiff-Appellant,
vs.
MANAIAKALANI N.K. KALUA, Defendant-Appellee.


CAAP-12-0000578


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
HĀMĀKUA DIVISION
(3DTC-11-040282)

September 2, 2015


NAKAMURA, CHIEF JUDGE, AND FOLEY AND GINOZA, JJ.


OPINION OF THE COURT BY NAKAMURA, C.J.


A police officer cited Defendant-Appellee Manaiakalani
N.K. Kalua (Kalua) for: (1) the non-criminal traffic infraction
of speeding for driving 71 miles per hour (mph) in a 55 mph zone;
and (2) the criminal offense of excessive speeding for driving 73
mph in a 40 mph zone.[1]  The two citations were based on the
police officer's radar speed readings while Kalua traveled

---

[1] As relevant to this appeal, a person commits the crime of excessive
speeding by exceeding the applicable speed limit by 30 miles per hour or more.
See Hawaii Revised Statutes (HRS) § 291C-105 (2007); note 4, supra.

through different speed zones and the officer was attempting to stop Kalua's vehicle.

Kalua failed to answer the non-criminal speeding infraction citation, and a default judgment was entered against him. Kalua failed to appear in court in response to the criminal excessive speeding citation, and a bench warrant was issued for his arrest. Prior to Kalua's appearance in court on the criminal excessive speeding charge, Kalua paid the $137.00 owed on the default judgment entered for his non-criminal speeding infraction. The District Court of the Third Circuit (District Court) subsequently dismissed the excessive speeding charge against Kalua, ruling that the entry of judgment on the non-criminal speeding infraction barred prosecution on the criminal excessive speeding offense.[2]

The question presented by this appeal is whether the entry of judgment on Kalua's non-criminal speeding infraction barred Plaintiff-Appellant State of Hawai'i (State) from prosecuting Kalua for the crime of excessive speeding. Based on Hawaii Revised Statutes (HRS) § 291D-3(d) (2007), we hold that the answer to this question is no and that the District Court erred in dismissing the excessive speeding charge.

The District Court relied on HRS § 701-109(2) (2014) in concluding that the State was barred from prosecuting Kalua for the crime of excessive speeding. HRS § 701-109(2), in conjunction with HRS § 701-111(1)(b) (2014), generally bars the State from separately prosecuting a defendant for multiple offenses based on the same conduct or arising from the same episode. See State v. Servantes, 72 Haw. 35, 37-39, 804 P.2d 1347, 1348-49 (1991). However, HRS § 291D-3(d) specifically provides that "[i]n no event shall section 701-109 preclude prosecution for a related criminal offense where a traffic infraction committed in the same course of conduct has been adjudicated pursuant to [HRS Chapter 291D]." Kalua's non-

---

[2] The Honorable Melvin H. Fujino presided.

2

criminal traffic infraction for speeding was adjudicated pursuant to HRS Chapter 291D.

As explained in greater detail below, we conclude that under the plain language of HRS § 291D-3(d), the default judgment entered against Kalua for the non-criminal speeding infraction did not preclude the State from prosecuting Kalua for the related criminal offense of excessive speeding. In reaching this conclusion, we reject the District Court's apparent view that HRS § 291D-3(d) does not apply if the traffic infraction is a lesser included non-criminal infraction of the related criminal offense. Accordingly, we vacate the District Court's order dismissing the excessive speeding charge against Kalua.

BACKGROUND

On September 14, 2011, Hawai'i County Police Officer T. Koyanagi (Officer Koyanagi) issued two citations to Kalua: (1) a "Notice of Traffic Infraction[]" for speeding, in violation of HRS § 291C-102(a)(1) (2007),[3] and a "Citation for Traffic Crime[]" for excessive speeding, in violation of HRS § 291C-105(a)(1) (2007).[4] The Notice of Traffic Infraction for speeding noted that Officer Koyanagi measured the speed of Kalua's vehicle by radar, which showed that the vehicle was going 71 mph in a 55 mph zone, and that Officer Koyanagi attempted to stop the vehicle, but was unable to do so until two miles later. The Citation for Traffic Crime for excessive speeding noted that Officer Koyanagi, by radar, measured Kalua's vehicle as going 73 mph in a 40 mph zone. In the Citation for Traffic Crime, Officer Koyanagi wrote: "While attempting to stop [motor vehicle, it] continued to increase speed. [Motor vehicle] kept a steady speed of 73 mph while entering a 45 mph zone and pass [two] 40 mph

[3] HRS § 291C-102(a)(1) provides: "(a) A person violates this section if the person drives: (1) A motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105[.]" (Format altered.)

[4] HRS § 291C-105(a)(1) provides: "(a) No person shall drive a motor vehicle at a speed exceeding: (1) The applicable state or county speed limit by thirty miles per hour or more[.]" (Format altered.)

signs. [Motor vehicle] finally stopped almost a mile later. Driver cited."

The Notice of Traffic Infraction for speeding advised Kalua that he "must answer this Notice within 21 calendar days," that is, by November 5, 2011, or the court would enter default judgment against him for the amount of monetary assessments and fees indicated on the Notice, which was $137. The Citation for Traffic Crime for excessive speeding contained a summons and directed Kalua to appear in District Court on October 20, 2011, to answer the excessive speeding charge.

Kalua did not answer the Notice of Traffic Infraction for speeding, and a default judgment in the amount of $137 was entered against him. Kalua paid the default judgment on November 28, 2011. In the meantime, Kalua failed to appear in District Court on October 20, 2011, in response to the summons contained in the Citation for Traffic Crime for excessive speeding, and a bench warrant was issued for his arrest. The bench warrant was served on October 27, 2011. Kalua appeared in District Court for arraignment and plea on the excessive speeding charge on December 1, 2011.

Kalua, represented by a deputy public defender, subsequently filed a motion to dismiss the excessive speeding charge pursuant to HRS § 701-109(2) (Motion to Dismiss). The State filed an opposition to the motion. On April 19, 2012, the District Court held a hearing on the Motion to Dismiss. At the hearing, the parties stipulated to the following facts, as proffered by Kalua's counsel, for purposes of the Motion to Dismiss:

> The Defense would proffer that the evidence would show on September 14th, 2011, at twenty two [sic][5] p.m., the Defendant was traveling west on highway 200 in a 2001 Toyota Tacoma. The citing Officer Koyanagi alleges in his citation that he used a radar to measure Mr. -- the Defendant's speed at a, quote, "steady speed of 73 miles per hour while

_____

[5] The Citation for Traffic Crime issued to Kalua for excessive speeding identifies the time of the citation as "1422" or 2:22 p.m.

entering a 45 mile per hour zone." And that -- and passed two forty mile per hour signs.

Officer Koyanagi thereupon stopped Mr. Kalua, and subsequently cited him under HRS 291C-102(a)(1) for going 71 miles per hour in a 55 mile per hour zone. He was also cited for excessive speeding under HRS 291C-105(a)(1) for going 73 miles per hour in a 40 mile per hour zone. And given a summons to appear in the Hamakua District Court [sic][6/] on October 20th, 2011, at 8:30.

On November 9th, 2011, the speeding violation went into, quote, "default judgment," unquote, and Defendant paid the $137 fine on November 28, 2011.

Ah, Your Honor, the only other proffer that the Defense made is at no time was there a break in the occurrence from the time that the Officer Koyanagi saw the Defendant to the time the Defendant stopped and was cited. And he was issued both tickets upon that stop.

After hearing arguments from counsel, the District Court orally granted the Motion to Dismiss. On September 26, 2012, the District Court filed its "Amended Order Granting Defendant's Motion to Dismiss Excessive Speeding Charge Under HRS § 701-109(2)" (Order Granting Motion to Dismiss). The Order Granting Motion to Dismiss contained findings of fact based on the parties' factual stipulations. It also contained the following conclusions of law and order:

CONCLUSIONS OF LAW

1. Under HRS §701-109(2) "a defendant shall not be subject to separate trial[s] for multiple offenses based on the same conduct or arising from the same episode, if such offense[s] are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court[.]";

2. Defendant's conduct, to wit, the operation of his vehicle at a speed in excess of the applicable speed limit constituted a single episode;

3. While cognizant of the State's position that HRS §701-109 does not preclude multiple prosecutions where, as here, Defendant is issued a "decriminalized" Speeding citation and also a "criminal" Excessive Speeding citation, a review of the material elements of both charges/citations are essentially the same, with the Speeding citation

---

[6/] The summons contained in the Citation for Traffic Crime actually directed Kalua to appear at the "S Kohala" District Court.

> constituting a lesser included offense to the
> charge/citation of Excessive Speeding. HRS §701-
> 109(2); see **State v. Fitzwater**, 122 Haw. 354 (1981);
>
> 4. Defendant having been adjudicated on the
> Speeding citation, the State is hereby barred from
> prosecuting Defendant on the Excessive Speeding
> citation.
>
> IT IS HEREBY ORDERED that the instant motion is
> granted and the charge of Excessive Speeding is
> dismissed with prejudice.

(Some brackets added.) The State challenges the Order Granting Motion to Dismiss in its appeal.

## DISCUSSION

### I.

On appeal, the State argues that the District Court erred in dismissing the excessive speeding charge with prejudice. Among other things, the State argues that the District Court erred in relying on HRS § 701-109(2) in dismissing the excessive speeding charge. We agree. We hold that pursuant to the plain language of HRS § 291D-3(d), the adjudication of Kalua's non-criminal speeding infraction under HRS Chapter 291D does not bar the State from prosecuting Kalua for the crime of excessive speeding.

### II.

In the Order Granting Motion to Dismiss, the only statutory authority cited by the District Court in support of its dismissal of the State's excessive speeding prosecution was HRS § 701-109(2). We start with a discussion of that provision and how it has been interpreted. We then discuss the interplay between HRS § 701-109(2) and HRS § 291D-3(d).

### A.

HRS § 701-109(2) is part of the Hawaii Penal Code, HRS Chapters 701 through 713. HRS § 701-109(2) provides in relevant part:

> [A] defendant shall not be subject to separate trials for
> multiple offenses based on the same conduct or arising from
> the same episode, if such offenses are known to the
> appropriate prosecuting officer at the time of the

6

commencement of the first trial and are within the jurisdiction of a single court.

In Servantes, the supreme court construed HRS § 701-109(2) in conjunction with HRS § 701-111(1)(b)[1/] and held that the State's conviction of Servantes on a misdemeanor drug charge barred the State's subsequent prosecution of Servantes on felony drug charges that arose out of the same episode. Servantes, 72 Haw. at 37-39, 804 P.2d at 1348-49. In support of its holding, the supreme court stated:

> Section 701-109(2) reflects a policy that all charges that arise under one episode be consolidated in one trial so that a defendant need not face the expense and uncertainties of multiple trials based on essentially the same episode. Commentary on HRS § 701-109. Section 701-109(2) is designed to prevent the State from harassing a defendant with successive prosecutions where the State is dissatisfied with the punishment previously ordered or where the State has failed to convict the defendant. State v. Solomon, 61 Haw. 127, 596 P.2d 779 (1979); State v. Carroll, 63 Haw. 345, 351, 627 P.2d 776, 780 (1981).

Id. at 38, 804 P.2d at 1348.

B.

HRS § 291D-3(d) is part of HRS Chapter 291D, which establishes procedures for adjudicating non-criminal traffic infractions. The procedures established were in furtherance of the Legislature's finding that "further decriminalization of certain traffic offenses and streamlining of the handling of

---

[1/] HRS § 701-111(1)(b) has not changed since the time relevant to the Servantes decision. HRS § 701-111(1)(b) (2014) currently provides:

> Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution under any of the following circumstances:
>
> (1) The former prosecution resulted in an acquittal which has not subsequently been set aside or in a conviction as defined in section 701-110(3) and the subsequent prosecution is for:
>
> . . .
>
> (b) Any offense for which the defendant should have been tried on the first prosecution under section 701-109 unless the court ordered a separate trial of the offense[.]

those traffic cases will achieve a more expeditious system for the judicial processing of traffic infractions." HRS § 291D-1 (2007).[8]

The system established by HRS Chapter 291D gives a person cited for a traffic infraction various options, including admitting the infraction and paying the amount assessed without appearing in court; denying the infraction and requesting a hearing to contest the infraction; and if the person loses at the hearing, requesting a trial conducted pursuant to the Hawaii Rules of Evidence and the rules of the district court. HRS §§ 291D-6, -7, -8, -13 (2007). The district court applies the preponderance-of-the-evidence standard of proof in determining whether the person cited committed the traffic infraction. HRS §§ 291D-8(a)(3), -13(b).

HRS § 291D-3(b) (2007) provides in relevant part:

> (b) Where a defendant is charged with a traffic infraction and the infraction is committed in the same course of conduct as a criminal offense for which the offender is arrested or charged, the traffic infraction shall be adjudicated pursuant to this chapter; provided that the court may schedule any initial appearance, hearing, or trial on the traffic infraction at the same date, time, and place as the arraignment, hearing, or trial on the related criminal offense.

HRS § 291D-3(c) (2007) establishes procedures for a trial on the traffic infraction where a trial is also scheduled for a related criminal offense.

---

[8] The system for adjudicating traffic infractions established by HRS Chapter 291D was designed to: (1) "[e]liminate the long and tedious arraignment proceeding for a majority of traffic matters"; (2) "[f]acilitate and encourage the resolution of many traffic infractions through the payment of a monetary assessment"; (3) speed the disposition of contested cases through a hearing in which the rules of evidence will not apply and the court will consider as evidence the notice of traffic infraction, applicable police reports, and other relevant written material; (4) dispense in most cases with the need for witnesses to be present, including law enforcement officers, and the need for the participation of the prosecuting attorney; (5) allow for the more efficient and effective use of judicial, prosecutorial, and law enforcement resources; and (6) "[s]ave the taxpayers money and reduce their frustration with the judicial system by simplifying the traffic court process." HRS § 291D-1.

HRS § 291D-3(d), which is the provision critical to this appeal, provides: "In no event shall section 701-109 preclude prosecution for a related criminal offense where a traffic infraction committed in the same course of conduct has been adjudicated pursuant to this chapter." The obvious purpose of HRS § 291D-3(d) is to make clear that the procedures established for the expeditious and streamlined adjudication of non-criminal traffic infractions will not jeopardize or adversely affect the State's ability to pursue prosecution of crimes related to the non-criminal traffic infractions. Consistent with this purpose, the term "related criminal offense" as used in HRS § 291D-3(d) is broadly defined to mean "any criminal violation or crime, committed in the same course of conduct as a traffic infraction, for which the defendant is arrested or charged." HRS § 291D-2 (2007). HRS § 291D-3(d) eliminates any bar to criminal prosecution that could otherwise arise from the separate adjudication of non-criminal traffic infractions.

### III.

In resolving this appeal, we need not decide whether and to what extent the adjudication of a non-criminal violation would bar a subsequent criminal prosecution under HRS § 701-109(2) and HRS § 701-111(1)(b). Even assuming *arguendo* that these provisions generally apply to the adjudication of non-criminal violations, HRS § 291D-3(d) precludes their application to bar criminal prosecution based on the adjudication of a non-criminal traffic infraction pursuant to HRS Chapter 291D. In this case, the District Court relied on HRS § 701-109(2) in concluding that the adjudication of Kalua's non-criminal speeding infraction pursuant to HRS Chapter 291D barred the State from prosecuting him on the criminal excessive speeding charge.[3] HRS § 291D-3(d), however, eliminates any bar to criminal prosecution

---

[3] Pursuant to the procedures set forth in HRS Chapter 291D, default judgment was entered against Kalua based on his failure to answer the Notice of Traffic Infraction for speeding within twenty-one days. See HRS § 291D-7(d) and (e).

that could otherwise arise from the application of HRS §
701-109(2). Under the plain language of HRS § 291D-3(d), the
District Court erred in dismissing the State's excessive speeding
charge.[10]

IV.

The District Court apparently believed that the Supreme
Court's determination in Fitzwater that a speeding infraction is
a lesser included non-criminal traffic infraction of the crime of
excessive speeding somehow prevented the application of HRS
§ 291D-3(d) to Kalua's excessive speeding prosecution.[11] Kalua
also argues that HRS § 291D-3(d) does not apply where the
adjudicated traffic infraction is a "lesser included offense" of
the crime being prosecuted. The District Court's apparent belief
and Kalua's argument are without merit.

As noted, the term "related criminal offense" as used
in HRS § 291D-3(d) is broadly defined to mean "any criminal
violation or crime, committed in the same course of conduct as a
traffic infraction, for which the defendant is arrested or
charged." See HRS § 291D-2. A criminal offense is clearly
committed in the same course of conduct as its lesser included
non-criminal traffic infraction. Thus, HRS § 291D-3(d) plainly
applies to permit prosecution of a criminal offense where the

---

[10] As noted, we need not decide whether and to what extent the
adjudication of a non-criminal violation would bar a subsequent criminal
prosecution under HRS § 701-109(2) and HRS § 701-111(1)(b). We observe,
however, that construing HRS § 701-109(2) and HRS § 701-111(1)(b) to bar a
subsequent criminal prosecution based on the adjudication of a prior non-
criminal violation could lead to absurd and unjust results -- for example,
where a murder or other serious felony prosecution is barred by the prior
adjudication of a non-criminal violation based on the same conduct or arising
from the same episode. Although HRS § 291D-3(d) eliminates the issue for non-
criminal traffic infractions, the Legislature may wish to clarify its intent
regarding the applicability of HRS § 701-109(2) and HRS § 701-111(1)(b) to
other non-criminal violations.

[11] In Fitzwater, the supreme court held that there was insufficient
evidence to support Fitzwater's conviction for the crime of excessive
speeding, but it remanded the case for entry of judgment on the "lesser
included non-criminal traffic infraction" of speeding because there was
sufficient evidence to establish that Fitzwater had committed the speeding
infraction. Fitzwater, 122 Hawai'i at 357, 227 P.3d at 523.

adjudicated traffic infraction is a lesser included traffic infraction of the charged crime.

V.

We reject Kalua's contention that the Double Jeopardy Clause bars the State from prosecuting the excessive speeding charge in this case.[12/] "Double jeopardy protects individuals against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." State v. Higa, 79 Hawai'i 1, 5 897 P.2d 928, 932 (1995). Collectively, the three double jeopardy protections prohibit two things: successive prosecutions and multiple punishments for the same offense. See Taylor v. Sherrill, 819 P.2d 921, 924 (Ariz. 1991) (en banc); State v. Naydihor, 483 N.W.2d 253, 256 (Wis. Ct App. 1992).

It is well settled that the double jeopardy protections against successive prosecutions and multiple punishments only prohibit successive *criminal* prosecutions and multiple *criminal* punishments for the same offense. See Helvering v. Mitchell, 303 U.S. 391, 399 (1938) ("Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense."); Hudson v. United States, 522 U.S. 93, 99 (1997) ("The [Double Jeopardy] Clause protects only against the imposition of multiple *criminal* punishments for the same offense[.]"); Purcell v. United States, 594 A.2d 527, 529 (D.C. Ct. App. 1991) ("The Double Jeopardy Clause only prohibits successive *criminal* prosecutions or punishments for the same act. It does not bar a

_____

[12/] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" Similarly, Article I, Section 10 of the Hawai'i Constitution provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy[.]"

criminal prosecution after a proceeding that results in a civil sanction, or vice versa.").

Here, the adjudication of Kalua's non-criminal speeding infraction was not a criminal prosecution, and the applicable sanctions for that infraction and the $137 default judgment he paid did not constitute a criminal punishment. Accordingly, the adjudication of Kalua's non-criminal speeding infraction did not trigger double jeopardy protections and did not bar his subsequent criminal prosecution for excessive speeding.

In determining whether a statutory scheme and the punishment imposed is civil or criminal in nature, courts first look to "'determine whether [the Legislature], in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.'" Tauese v. State Dept. of Labor and Indus. Relations, 113 Hawai'i 1, 31, 147 P.3d 785, 815 (2006) (quoting United States v. Ward, 448 U.S. 242, 248 (1980)); Taylor, 819 P.2d at 927; Purcell, 594 A.2d at 530; Naydihor, 483 N.W.2d at 258. It is clear that the Legislature intended the proceedings and the penalties imposed under HRS Chapter 291D to be labeled civil as opposed to criminal. Indeed, the Legislature's purpose in enacting HRS Chapter 291D was to further decriminalize various traffic offenses and streamline the processing of these infractions by eliminating criminal penalties[13] and basically restricting punishment for violations to monetary assessments. See HRS § 291D-1; 1993 Haw. Sess. Laws Act 214, § 1 at 365-66; HRS § 291D-3 (2007); HRS § 291D-9 (2007).

However, the Legislature's declaration that a violation is non-criminal does not end the inquiry. See Tauese, 113 Hawai'i at 31, 147 P.3d at 815. Even when the Legislature's intention to establish a civil penalty is clear, courts must further inquire "'whether the statutory scheme was so punitive

_____

[13] Persons committing the decriminalized traffic infractions are not subject to imprisonment. See HRS §§ 291D-3 (2007); HRS § 291D-9 (2007).

either in purpose or effect as to negate that intention.'"  Id. (quoting Ward, 448 U.S. at 248-49).

In Higa, 79 Hawai'i at 6, 897 P.2d at 933, the Hawai'i Supreme Court applied the principles enunciated in the United States Supreme Court's decision in United States v. Halper, 490 U.S. 435 (1989), in determining whether the penalties imposed in administrative driver's license revocation proceedings constituted criminal punishment for double jeopardy purposes. However, in Hudson, 522 U.S. at 96, the United States Supreme Court disavowed much of the method of analysis in Halper and reaffirmed its previously established analysis, and in Tauese, 113 Hawai'i at 31-33, 147 P.3d at 815-17, the Hawai'i Supreme Court applied an analysis consistent with Hudson.[14]  Accordingly, we apply the analysis used in Tauese and Hudson to determine whether the penalties imposed for a non-criminal speeding infraction under HRS Chapter 291D are so punitive that they "transform what was clearly intended as a civil remedy into a criminal penalty."  Tauese, 113 Hawai'i at 31-33, 147 P.3d at 815-16 (internal quotation marks and citation omitted).[15]

In making this determination, courts have considered seven factors: "(1) whether the sanction involves an affirmative

---

[14] In Hudson, the United States Supreme Court disavowed in large part the method of analysis used in Halper, reaffirmed "the previously established rule exemplified in [Ward]," and considered the seven factors listed in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963), in determining "whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty."  Hudson, 522 U.S. at 96, 99-100, 104-05 (internal quotation marks, citations, and brackets omitted).  In Tauese, the Hawai'i Supreme Court cited Hudson, applied the two-part inquiry set forth in Ward, and considered the seven factors enunciated in Kennedy v. Mendoza-Martinez in determining whether administrative penalties imposed for fraudulent insurance acts under Hawai'i's workers' compensation law constituted criminal penalties.  Tauese, 113 Hawai'i at 31-33, 147 P.3d at 815-17.

[15] We note that we would reach the same result under the Halper analysis because the sanctions imposed for a non-criminal speeding infraction can be regarded as remedial -- to safeguard the public and to defray the costs to the government of enforcing traffic regulations -- and not solely or predominately for retribution or deterrence.  See Higa, 79 Hawai'i at 6-7, 897 P.2d at 933-34; Purcell, 594 A.2d at 531; Taylor, 819 P.2d at 926-30; Naydihor, 483 N.W.2d 253 at 258-59.

disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment-retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. Id. at 32, 147 P.3d at 816 (brackets and internal quotation marks omitted) (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)).

These factors strongly support the conclusion that the sanctions imposed for a speeding infraction are not so punitive as to transform the civil remedy intended by the Legislature into a criminal punishment. A person who commits a speeding infraction is subject to the following sanctions: a monetary assessment of not more than $200 for a first violation, not more than $300 for a second violation committed within one year after the first violation, and not more than $500 for a third or subsequent violation committed within one year after the first violation; a $10 surcharge if the maximum speed limit is exceeded by more than ten miles per hour, which shall be deposited into the neurotrauma special fund; and additional monetary assessments for failure to pay a monetary assessment by the scheduled date or for costs related to issuance of a penal summons. See HRS §§ 291D-3, 291D-9, 291C-102 (2007), 291C-161 (2007 & Supp. 2014); State v. Gonzalez, 128 Hawai'i 314, 320 n.12, 288 P.3d 788, 794 n.12 (2012).[16]

---

[16] The court may impose community service in lieu of a monetary assessment if a person claims an inability to pay. See HRS § 291D-9. If the person fails to pay the assessment imposed or perform the community service, the court is required to take action to impose restrictions on the person's ability to obtain or renew a driver's license and to register and transfer a motor vehicle. See HRS §§ 291D-9, 291D-10 (2007).

These sanctions do not involve an affirmative disability or restraint; monetary assessments, in particular, have not historically been regarded as punishment; no scienter is required; while the monetary assessments and other possible sanctions promote deterrence, "the mere presence of this purpose is insufficient to render a sanction criminal, as deterrence may serve civil as well as criminal goals[,]" Tauese, 113 Hawaiʻi at 32, 147 P.3d at 816 (internal quotation marks and citation omitted); exceeding the speed limit by less than 30 miles per hour is not a crime; the purposes of safeguarding the public, reducing accidents and injuries caused by speed limit violations, and defraying the costs to the government of enforcing speed limits are alternative purposes besides criminal punishment to which the sanctions can be assigned; and the sanctions are not excessive in relation to these alternative purposes. Accordingly, we conclude that the penalties imposed for a speeding infraction are not criminal penalties for double jeopardy purposes.[17] [18]

---

[17] We note that if the civil penalties imposed for non-criminal traffic infractions were found to constitute criminal penalties, then the system established by HRS Chapter 291D for adjudicating traffic infractions would be unconstitutional because HRS Chapter 291D does not provide the safeguards necessary for the imposition of criminal punishment. See HRS §§ 291D-8(a)(3), 291D-13(b) (imposing the preponderance-of-the-evidence standard of proof for determining whether the person cited committed the traffic infraction).

[18] Kalua's reliance on State v. Lessary, 75 Haw. 446, 865 P.2d 150 (1994), and Grady v. Corbin, 495 U.S. 508 (1990), is misplaced. Those cases analyzed the application of double jeopardy protections to the situation where both the prior and subsequent proceedings were criminal prosecutions. They did not address the threshold question presented here of whether a proceeding and the applicable penalties that the Legislature intended to be civil should be viewed as criminal so as to invoke and necessitate double jeopardy protections. Because we conclude that Kalua's speeding infraction was not criminal in nature, the double jeopardy protections, and the analysis in Lessary and Grady, do not apply. See Higa, 79 Hawaiʻi at 5-7, 897 P.2d at 932-34; Taylor, 819 P.2d at 925-26; Naydihor, 483 N.W.2d at 256-57; Purcell, 594 A.2d at 528-29.

## CONCLUSION

We vacate the Order Granting Motion to Dismiss and remand the case for further proceedings consistent with this Opinion.

On the briefs:

Janet R. Garcia
Terri L. Fujioka-Lilley
Deputies Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellant

Summer M.M. Kupau
Deputy Public Defender
for Defendant-Appellee